UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

GARY SWINNEY AND )
JANET SWINNEY )
                            )
    Plaintiffs,            )
                            )
vs.                        )   Civil Action No. CV 97-S-3131-NW
                            )
GENERAL AGENTS INSURANCE )
COMPANY OF AMERICA, INC. )
                            )
    Defendant.             )

FILED
98 JAN 14 PM 12:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN 1 4 1998

MEMORANDUM OPINION

This is the second time defendant has removed this case to federal court. Plaintiffs commenced the action in the Circuit Court for Colbert County, Alabama on September 12, 1995, asserting claims for breach of contract and bad faith failure to pay a valid insurance claim. Defendant initially removed on October 6, 1995, alleging diversity of citizenship and an amount in controversy exceeding $50,000, exclusive of interest and costs.[1] Plaintiffs moved to remand on November 3, 1995, asserting that defendant had not established, by a preponderance of the evidence, that the amount in controversy exceeded $50,000. In a brief filed in support of their first motion to remand, plaintiffs also asserted

> the policy limits [of the insurance policy at issue] are only $40,000.00 and $2,000.00 for medical payments. Throughout the Complaint the Plaintiffs request of the Defendants an amount that would be sufficient to fully compensate the Plaintiffs and to deter Defendants and others from such wrongful conduct in the future. It is important to note that the contract of insurance which is the subject matter of this cause has a maximum coverage benefit of $42,000.00. Therefore, to assume that the value of this case is any greater than this amount would be **mere conjecture on anyone's part.**

---

[1] Subsequent to that removal, the amount in controversy requirement was increased to $75,000. 28 U.S.C. § 1332(a).

(Plaintiffs' brief in support of original motion to remand at 3 (emphasis in original).) This court (then acting by Senior United States District Judge E.B. Haltom, Jr.) remanded the action by order and memorandum opinion entered July 2, 1996.

Following remand, sixteen months passed before defendant deposed plaintiffs' insurance expert, John Allen.

> In his deposition, Mr. Allen testified that the plaintiffs' damages were in excess of $700,000.00. Specifically, he calculated the damages at $704,309.48. Moreover, despite the plaintiffs [sic] prior representation to this Court that the available coverage under the Gainsco policy amounted only to $42,000.00, Mr. Allen testified that the damages owed to Gary Swinney in insurance coverage alone amounted to $127,306.65. This includes $120,000.00 in uninsured motorist benefits, $2,000.00 in medical pay benefits, and $5,306.65 in Arkansas No-fault Benefits.

(Brief in support of second petition for removal at 2-3.) Defendant filed a second notice of removal on December 2, 1997: 29 days after Allen's November 3rd deposition, but more than two years after the commencement of the action.

Defendant acknowledges that a diversity action ordinarily may not be removed from state court "more than 1 year after commencement of the action." 28 U.S.C. § 1446(b).[2] Even so,

---

[2]In full text, 28 U.S.C. § 1446(b) reads as follows:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

2

defendant claims that plaintiffs should be equitably estopped from raising the one year limitations period.

> Although an action in [sic] only removable within one-year of the commencement of the action if the removal is based on diversity, rule [sic] of this action is proper because it is based on the plaintiffs' fraudulent form [sic] manipulation in initially representing to the Court that the case was limited to an amount in controversy less than $50,000.00.
>
> ...
>
> When a plaintiff makes clearly false statements to the federal court to avoid removal, he must not be rewarded by this Court allowing him to stay in state court. The whole purpose of removal is to ensure that the out-of-state defendant has a level playing field and an impartial forum. The plaintiffs should not be able to take this right away from the defendant by simply making incorrect statements of fact to the federal court, then later disclosing the true facts after the one-year limitation has passed. ...

(Brief in support of second petition for removal at 4, 8.) Plaintiffs' attorney denies he intentionally made "clearly false statements to the federal court to avoid removal." In an affidavit filed with this court, counsel avers that his representations concerning policy limits were based on the only information then available to him.

> At the time I represented this fact to the court, I only had a small declaration sheet and a portion of the subject policy of insurance. After my initial review of these documents, I fully believed that $42,000.00 was the limit of contractual liability of the party Defendant. This memorandum was drafted prior to the conducting of any formal discovery in this case. Thus, I was limited to a review of the materials I had in my file.

---

ascertained that the case is one which is or has become removable, except that <u>a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action</u>. [Emphasis supplied.]

3

> This case involves a policy contract of insurance acquired by the Plaintiff, Garry Swinney's, employer. Said policy provided liability and other coverages of which I was not particularly certain. Furthermore, the injuring event occurred in Arkansas. Thus, I was faced with an Alabama policy regarding events occurring in Arkansas. From the face of the policy documents I had in my possession, I truly believed that the policy contract liability in this case was $42,000.00. I never made any misrepresentations to opposing counsel or the court, that were designed to mislead or misrepresent my own subjective evaluation of this case.

(Affidavit of Joey K. James at 2.) Moreover, in a brief filed in support of the present motion to remand, counsel emphasizes that <u>defendant</u> possessed evidence to correct his representations, and, support its assertion that the amount in controversy exceeded the jurisdictional standard.

> The plaintiffs erroneously stated in their pleadings [filed in support of the original motion to remand] that the contract liability was $42,000.00 when in fact it was $120,000.00. The removing defendant had the policy contract, the declaration page, and the Arkansas law pertaining to its liability. **Thus the removing defendant itself possessed the actual evidence demonstrating that the plaintiffs [sic] contract liability claim was $120,000.00.** From the date the defendant received suit it had its entire claims file which clearly demonstrated its contractual liability on this claim. Such liability alone, $120,000.00, was far in excess of the jurisdictional amount. Nevertheless, even with its burden of proof requirement, the defendant offered no such evidence during its first removal attempt. Moreover, it is clear from the first pleadings in this case the defendant was clearly on notice of its contract liability of $120,000.00. Thus, ..., the defendant was on notice of this jurisdictional amount when this case was originally removed to Federal Court over two years ago. This far exceeds a timely removal. Therefore, we do not even reach an analysis of the plaintiff's [sic] conduct.

(Plaintiffs' memorandum brief received December 30, 1997, at 7-8 (emphasis in original).)

4

This court need not decide the equitable estoppel issue, because plaintiffs' representation "that the contract of insurance ... has a maximum coverage benefit of $42,000.00" formed no basis for this court's prior order remanding the case to state court. Indeed, Judge Haltom remanded for different reasons: defendant did not carry its burden of proof; and, in Judge Haltom's judgment, plaintiff could not recover more than $50,000.

Judge Haltom first noted that where a plaintiff has made an unspecified claim for damages in a complaint filed in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement. (Memorandum opinion at 35 (citing *Tapscott v. MS Dealer Services Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996).) Judge Haltom concluded that defendant failed to carry that burden, because it offered no proof: only a naked assertion that the amount in controversy exceeded $50,000.

> Here again these removing Defendants, as so many other removing defendants in other removal cases have tried to do and most often wholly failed to their legal sorrow and chagrin, chose to utilize the so-called "magical incantation" in the word format of "... **the amount in controversy exceeds the sum or value of $50,000, exclusive of interest and costs.**" Simply put, there is just no magic or acceptable worth, <u>insofar as proof is concerned</u>, to this "incantation." ...
>
> It is only when the plaintiff's complaint filed in state court facially has all the highlights and marks of a "*a high roller case*," "*moneywise*," that a removing defendant can squeak by and keep his case in federal court by and through the utilization and use [and that only] of this proverbial "magic incantation." The instant case does not fit in or belong to this described category in the considered judgment of this Court.

5

(Memorandum Opinion entered July 2, 1996, at 35-36 (emphasis in original; footnote omitted).)

Judge Haltom next found that defendant had "a better than 50-50 chance of securing a judgment in [its] favor on this bad faith claim for relief," and independently valued plaintiffs' bad faith claim as worth "no higher than $20,000.00." (*Id.* at 42.) He further valued the breach of contract claim as worth "something less than Ten Thousand [$10,000.00] Dollars." (*Id.* at 43.) Plaintiffs' representation that "the contract of insurance ... has a maximum coverage benefit of $42,000" is nowhere referred to in Judge Haltom's opinion. Rather, Judge Haltom reviewed <u>defendant's</u> proof of the amount in controversy (or lack thereof) and the allegations of plaintiffs' complaint, and independently concluded the court lacked subject matter jurisdiction.

Defendant now suggests that Judge Haltom's eight month delay in ruling on plaintiffs' first motion to remand "left the defendants with only just over two months in which to ascertain the actual amount of damages sought by the plaintiff and re-remove the case." (Brief in support of second petition for removal at 9.) That argument is specious at best. No serious discovery occurred in state court for ten months following remand. Defendant did not depose plaintiff Garry Swinney until May 12, 1997. Plaintiffs notified defendant on April 15, 1997 that John Allen would be an expert witness, but defendant did not take his deposition until November 3, 1997. Defendant thus either caused or acquiesced to the true delays in this action.

6

In summary, even if this court were to find that the one year limitation of § 1446 could be equitably tolled, defendant has presented no evidence demonstrating that tolling is appropriate in this case. Accordingly, this court finds that removal occurred "more than 1 year after commencement of the action," and plaintiffs' motion to remand is due to be granted on that basis. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this the 14th day of January, 1998.

United States District Court

7